**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUAN CRUZ and EMILY LOPEZ-CRUZ, | : | Case No. 3:22-cv-1081 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SIGNIFY NORTH AMERICA CORP., | : | |
| GEORGE HARBT, DAMIEN FRITZ, and | : | |
| CYNTHIA BYRD | : | |
| | : | |
| Defendants. | : | AUGUST 26, 2022 |
| | : | |

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that Defendants Signify North America Corporation

("Signify"), George Harbt, Damian Fritz,[1] and Cynthia Byrd (together, "Defendants") pursuant

to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby remove this matter from the Superior

Court of the State of Connecticut to the United States District Court for the District of

Connecticut based upon diversity jurisdiction, and state the following:

    **I.**      <u>**Statement of the Case**</u>

    1.      By Complaint dated July 22, 2022, Plaintiffs Juan Cruz and Emily Lopez-Cruz

("Plaintiffs") commenced an action in the Superior Court of Connecticut in the Judicial District

of Hartford, captioned as *Juan Cruz et al. v. Signify N.A. Co. F/K/A Philips Lighting N.A. Co. et*

*al.*, which has a return date of September 13, 2022.

    2.      A true and correct copy of Plaintiffs' Complaint (the "Complaint") that was

served upon Defendants is submitted herewith as Exhibit 1.

---

[1] Plaintiffs' Summons and Complaint refer to Mr. Fritz using the incorrect spelling "Damien Fritz." For avoidance of doubt, Mr. Fritz's full name is actually spelled "Damian Fritz," and Defendants will use that correct spelling to refer to Mr. Fritz going forward.

3.      Plaintiffs allege that Defendants intentionally spoliated evidence that was relevant to Plaintiffs' proof in a related civil matter pending in Connecticut Superior Court, captioned *Juan Cruz et al. v. Spec Personnel LLC, et al.*, Docket No. HD6-HHD-CV-18-5051489-S (hereinafter the "2018 Case").

4.      In the 2018 Case, Plaintiffs allege that on September 19, 2017, Juan Cruz, while working in a warehouse in Hartford, Connecticut, was injured when a box of products was pushed off of its pallet by a coworker who was operating a forklift while under the influence of cocaine; the box struck Mr. Cruz, leaving him paralyzed.  Plaintiffs further allege in the 2018 Case that the box that fell on Mr. Cruz was packed at Signify's warehouse in Mountain Top, PA. *See* Ex. 1 ¶ 11.

5.      The provenance of the products that fell on Mr. Cruz has emerged as a contested fact issue in the ongoing 2018 Case.  According to the Complaint, Plaintiffs deposed a number of Signify employees who had roles managing the operations of the Mountain Top facility - including Mr. Harbt, Ms. Byrd, and Mr. Fritz.  Ex. 1 ¶¶ 37, 68.  Plaintiffs allege that Harbt, Byrd, and Fritz each testified that the product that paralyzed Mr. Cruz could not have come from the Mountain Top facility, because the Mountain Top facility did not package outbound pallets using the type of green banding evident in the accident scene photographs taken by OSHA during its investigation of the incident.  *Id.* ¶¶ 39, 70, 72.

6.      Plaintiffs allege in the Complaint that, notwithstanding the deposition testimony by Mr. Harbt that the Mountain Top facility did not use green banding, a subsequent inspection of the facility by Plaintiffs' counsel and packaging expert on January 27, 2021, identified a single piece of green banding in a trash can.  Ex. 1 ¶¶ 52-53.

7.      Plaintiffs further allege that a later report by defendants' expert, documenting that expert's inspection on March 25, 2021, appears to show green-banded pallets in the distance, on a shelf that was empty during Plaintiffs' January 27 inspection.  Ex. 1 ¶¶ 51, 63, 67.

8.      Plaintiffs allege that the purported discovery of green banding demonstrates an attempt by Signify, through its employees Mr. Harbt, Mr. Fritz, and Ms. Byrd, to intentionally "scrub" evidence of green banding material from the Mountain Top warehouse.  Ex. 1 ¶ 44.

9.      Plaintiffs further allege that Fritz, after testifying at his deposition that the Mountain Top facility did not use green banding, was confronted with contradictory photo evidence from the January and March 2021 expert inspections, and could not explain the purported depiction of green banding in the photographs.  Mr. Fritz denied that Mr. Harbt had instructed anyone to remove green banding from packages in the warehouse in advance of Plaintiffs' inspection.  Ex. 1 ¶¶ 73-77.

10.     Plaintiffs allege eighty-two (82) counts based on the purported discovery of green banding at the Mountain Top warehouse, including negligence, intentional spoliation of evidence, and intentional and negligent infliction of emotional distress, CUTPA violations, bad faith, abuse of process, conspiracy, and fraud.

11.     As set forth more fully below, complete diversity exists between Plaintiffs and Defendants in this case.  For that reason, the above-described action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

II.     **Defendants Have Satisfied the Procedural Requirements for Removal**

12.     This removal is timely.  Defendants file this notice within thirty (30) days of July 28, 2022 – the date that Mr. Harbt received the Summons and Complaint via U.S. mail.  *See* 28 U.S.C. § 1446(b)(2)(B); *Abdullah v. Erdner Bros, Inc.*, No. 3:14-CV-01742-VAB, 2015 WL

1190141, at *2 (D. Conn. Mar. 16, 2015) ("[T]he weight of authority in this Circuit holds that the 30–day period for filing a notice of removal does not commence with service upon a statutory agent, such as a secretary of state, but instead *when the defendant actually receives the complaint*.") (emphasis added).  Mr. Fritz received a copy of the Summons and Complaint on July 29, 2022.  Signify received a copy of the Summons and Complaint on August 2, 2022.  Ms. Byrd received a copy of the Summons and Complaint on August 8, 2022.

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendants to date is attached.  *See* Ex. 1.

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Superior Court of Connecticut, Judicial District of Hartford at Hartford.

15.     Pursuant to 28 U.S.C. § 1446(b)(2)(a), all Defendants consent to the removal of this action.

### III.     Removal is Proper Because This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332

16.     The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

### a.     Diversity of Citizenship Exists Between the Parties

17.     Upon information and belief, the Plaintiffs are residents and citizens of Connecticut.

18.     Signify is now, and was at the time Plaintiff served the Summons and Complaint in this Action, a Delaware corporation having its principal place of business at 400 Crossing

Boulevard, Bridgewater Township, New Jersey, 08807.  Thus, for the purpose of determining

Signify's citizenship under 28 U.S.C. § 1332, Signify is a citizen of both Delaware and New

Jersey.  *See* 28 U.S.C. § 1332 ("[A] corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business.").

19.     George Harbt is now, and was at the time Plaintiff served the Summons and

Complaint in this Action, a resident of New Jersey. Thus, for the purpose of determining Mr.

Harbt's citizenship under 28 U.S.C. § 1332, he is a citizen of New Jersey.

20.     Cynthia Byrd is now, and was at the time Plaintiff served the Summons and

Complaint in this Action, a resident of West Virginia.  Thus, for the purpose of determining Ms.

Byrd's citizenship under 28 U.S.C. § 1332, she is a citizen of West Virginia.

21.     Damian Fritz is now, and was at the time Plaintiff served the Summons and

Complaint in this Action, a resident of Pennsylvania.  Thus, for the purpose of determining Mr.

Fritz's citizenship under 28 U.S.C. § 1332, he is a citizen of Pennsylvania.

### b.   The Amount-In-Controversy Requirement is Satisfied

22.     "Federal diversity jurisdiction requires an amount-in-controversy of at least

$75,000. . . . Ordinarily, this amount is measured as of the time that a complaint is filed." *Luce v.*

*Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 84 (D. Conn. 2014) (citations omitted).

23.     Where a complaint does not expressly allege a specific dollar amount in

controversy, courts may consider evidence outside the pleadings, including offers of compromise

filed in state court actions. *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198 JCH, 2012 WL

1247257, at *3 (D. Conn. Apr. 13, 2012); *see also Johnson v. Walleart*, No. 2:14-CV-243, 2015

WL 365995, at *2 (D. Vt. Jan. 27, 2015) (noting court may consider offers of compromise in

determining the amount in controversy); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004) ("[M]ost courts have sensibly concluded that Rule 408 does not prevent them from considering a settlement demand for purposes of assessing the amount in controversy.").

24.     Here, it is apparent from Plaintiffs' Complaint and the Plaintiffs' Offer of Compromise filed in the 2018 Case that the amount in controversy far exceeds $75,000.

25.     Plaintiffs allege in the Complaint that Defendants' actions "renders the plaintiffs' unable to establish elements of their cause of action in the 2018 Case," and that "plaintiffs were damaged by this destruction." Ex. 1 ¶¶ 84-85.  Thus, the amount of money damages claimed by Plaintiffs in this Action, before consideration of claimed punitive damages and costs, is at least equal to the amount of damages at stake in the 2018 Case, because the Defendants are alleged to have rendered Plaintiffs "unable" to obtain damages in the 2018 Case due to the purported spoliation.

26.     Plaintiffs filed an Offer of Compromise in the 2018 Case establishing the compromised value of their claims at twenty-six million dollars ($26,000,000).  Thus, the damages at issue in the 2018 Case – and thus the amount in controversy in this Action – are significantly greater than the $75,000 threshold.  *See* Plaintiffs' Joint Offer of Compromise (Exhibit 2).

### IV.     <u>Conclusion</u>

27.     This civil action features complete diversity of citizenship between the Plaintiffs and all Defendants.  The Plaintiffs are citizens of Connecticut, while Signify, Harbt, Byrd, and Fritz are not.  In addition, the amount in controversy exceeds the sum of $75,000.  For these reasons, this case is subject to this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1332,

1441, and 1446.  Defendants hereby remove the above-captioned action to the United States

District Court for the District of Connecticut.

DEFENDANTS SIGNIFY NORTH
AMERICA CORP., GEORGE HARBT,
DAMIAN FRITZ, and CYNTHIA BYRD

By: */s/ James H. Rotondo*
James H. Rotondo (ct05173)
Matthew W. Austin (ct30947)
Hannah F. Kalichman (ct31291)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was served by the Court's ECF system and

sent via e-mail and first-class United States Mail, postage prepaid, this 26th day of August 2022,

addressed to:

Andrew P. Garza, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Avenue, Suite 107
Glastonbury, CT 06033
andrew@cttrialfirm.com

*Attorney for Plaintiffs*

 */s/ Matthew W. Austin*
Matthew W. Austin