# **Exhibit 1**

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest or costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest or costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548 – 2700 | 09/13/2022 |

| ☒ Judicial District | | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | | **Hartford** | Major: **T** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Connecticut Trial Firm, LLC, 437 Naubuc Ave, Ste. 107, Glastonbury, CT 06033 | 436558 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 471 – 8333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* service@cttrialfirm.com |
|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| **First plaintiff** | Name: | Cruz, Juan | P-01 |
| | Address: | 36 Spring Street, Enfield, CT 06082 | |
| **Additional plaintiff** | Name: | Lopez-Cruz, Emily | P-02 |
| | Address: | 36 Spring Street, Enfield, CT 06082 | |
| **First defendant** | Name: | Signify N.A. Co. F/K/A Philips Lighting N.A. Co., Attn: Secretary, 200 Franklin Sq., Somerset, NJ 08873 | D-01 |
| | Address: | A/F/S Corporation Service Company, Goodwin Sq., 225 Asylum St., 20th Fl., Hartford, CT 06103 | |
| **Additional defendant** | Name: | Harbt, George | D-02 |
| | Address: | 453 Orchard Street, Cranford, New Jersey, 07016 | |
| **Additional defendant** | Name: | Fritz, Damien | D-03 |
| | Address: | 5 Allegheny Drive, Hazleton, PA 18202 | |
| **Additional defendant** | Name: | Byrd, Cynthia | D-04 |
| | Address: | 216 Buck Ridge Drive, Drums, PA 18222 | |

| Total number of plaintiffs: 2 | Total number of defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 07/22/2022 | | ☐ Clerk | Andrew P. Garza |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | Fill Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | A TRUE COPY ATTEST |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | EDITH D. NIZIANKIEWICZ CONNECTICUT STATE MARSHAL INDIFFERENT PERSON |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

RETURN DATE: SEPTEMBER 13, 2022     :     SUPERIOR COURT

CRUZ, JUAN ET AL.     :     J.D. OF HARTFORD

V.     :     AT HARTFORD

SIGNIFY N.A. CORP. ET AL.     :     JULY 22, 2022

**COMPLAINT**

**GENERAL ALLEGATIONS**

1. Jurisdiction is proper over the defendants pursuant to General Statutes § 52-59b (a).

2. At all relevant times, the plaintiffs, Juan Cruz and Emily Cruz, were residents of Hartford, Connecticut.

3. At all relevant times, the defendant, Signify North America Corporation, formerly known as Philips Lighting North America Corporation ("Signify/Philips"), was and is a business entity organized and existing under the laws of the State of Delaware conducting business in Connecticut, with a principal place of business of 200 Franklin Square Drive, Somerset, New Jersey 08873.

4. At all relevant times, Signify/Philips owned, managed, possessed, controlled, and operated a warehouse located at 120 Oak Hill Road, Mountain Top, Pennsylvania, 18707 known as the "Mountain Top" Warehouse ("Mountain Top")

5. At all relevant times, the defendant, George Harbt, was and is a resident of Cranford, New Jersey.

6. At all relevant times, Harbt was acting within the course and scope of his employment with Signify/Philips as the Director of Logistics for North America and was their agent, servant, and/or employee.

7. At all relevant times, the defendant, Damien Fritz, was and is a resident of

·1·

Hazleton, Pennsylvania.

8. At all relevant times, Fritz was acting within the course and scope of his employment with Signify/Philips as the Mountain Top Warehouse Manager and was their agent, servant, and/or employee.

9. At all relevant times, the defendant, Cynthia Byrd, was and is a resident of Drums, Pennsylvania.

10. At all relevant times, Byrd was acting within the course and scope of her employment with Signify/Philips as the Mountain Top Operations Manager and was their agent, servant, and/or employee.

11. On September 19, 2017, the plaintiff, Juan Cruz, was paralyzed when a full pallet of Signify/Philips product fell from upper rack storage in a warehouse in Hartford, Connecticut.

12. An investigation revealed that it was the defendants' failure to follow its own safety rule, requiring that it secure product to pallets for outbound shipment, that led to the plaintiff's paralysis.

13. On March 15, 2018, the plaintiffs initiated a lawsuit against multiple defendants, including Signify/Philips, in Hartford Superior Court, captioned *Cruz, Juan et al. v. Spec Personnel, LLC et al.*, bearing Docket No. HHD-CV-18-5051489-S ("2018 Case").

14. The plaintiff's, Juan Cruz's, claims arose out of his paralysis, and the plaintiff, Emily Cruz, joined her husband by filing a loss of consortium claim.

15. In the 2018 Case, the plaintiffs alleged that Juan Cruz's paralysis and attendant personal injuries and losses were caused by the negligence of Signify/Philips.

·2·

16. The plaintiffs further alleged that their injuries were a direct and proximate result of the negligence and carelessness of Signify/Philips, acting by and through its agents, servants, managers, supervisors and/or employees, in one or more of the following ways, in that it/they:

   a. failed to train their agents, servants, apparent agents and/or employees; and/or

   b. failed to adequately supervise its servants, agents, apparent agents and/or employees; and/or

   c. failed to ensure that pallets containing its products were packed safely and securely.

17. The plaintiffs further alleged that, as result of the September 19, 2017 incident, and the negligence and carelessness of Signify/Philips, its agents, servants and/or employees:

   a. The plaintiff, Juan Cruz, sustained and suffered the following personal injuries and losses, some or all of which will be permanent in nature:

      i. T10 paraplegia secondary to trauma;

      ii. complete spinal cord transection T10 through L1;

      iii. crushing injury of abdomen, lower back, and pelvis;

      iv. ASIA spinal cord injury;

      v. T11 fracture with retropulsion;

      vi. open-reduction, internal-fixation of thoracic spine and placement of segmental instrumentation at T9-10, T12, and L1;

      vii. arthrodesis with fusion from T9 through L1;

      viii. right-sided rib fractures, 11th rib;

      ix. left-sided rib fracture, 10th and 12th ribs;

·3·

    x.  Neurogenic bowel;

    xi.  Neurogenic bladder;

    xii.  traumatic hemopneumothorax;

    xiii.  pulmonary contusion;

    xiv.  increased risk of DVT, contractures, and wounds;

    xv.  loss of consciousness; and

    xvi.  mental and physical anguish

b.  The plaintiff, Juan Cruz will never walk again.

c.  The plaintiff, Juan Cruz, was forced to incur financial obligations for hospital and medical care and treatment, diagnostic studies, x-rays, physical therapy, medicines, and the like, and will be obligated for further such sums in the future.

d.  The plaintiff, Juan Cruz, has been, and in the future will continue to be, unable to pursue his usual activities to the same extent as prior to the accident, all to his further loss and detriment.

e.  The plaintiff, Juan Cruz, lost income from his employment and his earning capacity has been permanently impaired.

f.  At all relevant times the plaintiff, Emily Lopez-Cruz, was and is the lawful wife of Juan Cruz.

g.  As a further result, the plaintiff, Emily Lopez-Cruz, has been deprived of the love, companionship, services, society, and affections of her husband, Juan Cruz, and has become his caretaker.

18. Despite the pendency of the 2018 Case for years, the defendants—Signify/Philips, George Harbt, Damien Fritz, and Cynthia Byrd—intentionally destroyed evidence and committed perjury to defraud a paralyzed man, his family, and the Court.

31. They did so with the full knowledge that he would never walk again or be able to provide for his wife and children.

32. They did so knowing that it was their failure to follow industry standards that was

-4-

responsible for his paralysis from the outset.

33. They did so to protect their own financial self-interests and to prevent the plaintiffs' recovery of the money he critically needs for his life-long medical care.

34. The fraud and evidence destruction scheme were part of a systematic and coordinated commercial conspiracy extending to the highest levels of Signify/Philips' corporate structure to George Harbt, Signify/Philips' Director of Logistics for North America, at its United States headquarters.

35. The fraud was aided and abetted by Signify/Philips' retained expert in 2018 Case, Walter Girardi, as well as the Warehouse Manager, Fritz, and Operations Manager, Byrd, at its Mountain Top, Pennsylvania facility.

36. Pursuant to Practice Book § 13-27 (h), Signify/Philips was asked to designate a corporate representative to testify about the chain of custody and supply chain of the product that paralyzed the plaintiff.

37. On September 5, 2019, the plaintiffs deposed Signify/Philips' corporate designee, George Harbt, the Director of Logistics for North America.

38. Harbt testified that, based on the appearance of the product in the OSHA photograph, he had serious doubts about whether it was shipped from Signify/Philips' Mountain Top facility.

39. Further, Harbt testified that the Mountain Top facility had never used green banding of any kind on any product that it had shipped.

40. Taking Signify/Philips at its word and believing that the paralyzing product was re-packaged or modified after it left Signify/Philips' custody in September of 2017, the plaintiffs added the trucking company, the broker, and a temporary services

·5·

company to the 2018 Case on September 11, 2019.

41. These counts were later withdrawn when it was discovered that there was no evidence, of any kind, that Signify/Philips' product was damaged, modified, or repackaged in any way after it left the Mountain Top warehouse.

42. Over the succeeding years, the parties in the 2018 Case went on to depose 20 witnesses over 24 days to uncover the truth of how the plaintiff was paralyzed.

43. On January 27, 2021, plaintiff' counsel, accompanied by the plaintiffs' packaging expert, Dr. S. Paul Singh, traveled through a blizzard to inspect the Signify/Philips Mountain Top facility in Pennsylvania by agreement.

44. Signify/Philips knew in advance that the plaintiffs' attorney and expert would inspect the warehouse and undertook efforts to scrub the warehouse of any evidence of green banding consistent with the product that paralyzed the plaintiff, which was depicted in the OSHA photographs.

45. The January 27, 2021, inspection was attended by Signify/Philips' counsel, Attorney Chris Vossler of Howd & Ludorf LLC; George Harbt, its United States Director of Logistics; Cynthia Byrd, the Mountain Top Operations Manager (#2); and Damien Fritz, the Mountain Top Warehouse Manager (#1).

46. The parties agreed on the scope of the inspection two weeks in advance, which included an inspection of the inbound, unloading, storage, outbound, and loading areas of the Mountain Top facility for a maximum of 1.5 hours.

47. Despite this prior agreement, George Harbt, Signify/Philips' United States Director of Logistics, attempted to pressure the plaintiffs' expert and attorney to end the inspection less than twenty (20) minutes after it began, which they resisted.

·6·

48. They requested to inspect the outbound shipping area containing the stretch-wrapping machines purportedly used to wrap the product that paralyzed the plaintiff and Harbt balked again.

49. Plaintiffs' counsel and their expert insisted and the defendants relented.

50. Photographs were subsequently taken in the area where Harbt attempted to prevent the plaintiffs' access.

51. On January 27, 2021, upper racks in the Signify/Philips warehouse were empty and no green bands were visible on any product in the warehouse.

52. A closer examination of the inspection photographs revealed a solitary green band identical to that on the product in the OSHA photographs.

53. The solitary green band was hanging out of the trash can in the Signify/Philips warehouse.

54. Two months later, on March 25, 2021, Signify/Philips'expert, Walter J. Girardi, inspected the Mountain Top facility.

55. Neither the plaintiffs' attorney nor their expert were invited or permitted to attend.

56. Girardi took seventy-four (74) photographs that day during his unrestricted, hours-long inspection of the entire Mountain Top facility.

57. He was accompanied by Cynthia Byrd, the Mountain Top Operations Manager (#2); and Damien Fritz, the Mountain Top Warehouse Manager (#1).

58. On July 2, 2021, Signify/Philips formally disclosed Walter J. Girardi (# 274.00) in the 2018 Case and, pursuant to Practice Book § 13-9, the plaintiffs requested Girardi's expert materials inclusive of his photographs of the Mountain Top facility.

CONNECTICUT TRIAL FIRM, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

59. Girardi was deposed in September of 2021 and testified that his opinions were based on his March 25, 2021, inspection of the Mountain Top facility, his review of the deposition of George Harbt, Signify/Philips' United States Director of Logistics, and the information provided to him by Cynthia Byrd and Damien Fritz on the date of his inspection.

60. Girardi testified that at no time during his inspection on March 25, 2021, did he see green banding of any kind, on any product in the warehouse.

61. Further, he testified that Byrd and Fritz told him that there had never been any product, of any kind, that had come into or gone out of the Mountain Top Facility with green banding on it.

62. Their consistent claims were designed to mislead the plaintiffs and to distance Signify/Philips from the paralyzing product in the OSHA photographs.

63. Though Girardi was careful, buried within his inspection photographs were five (5) images showing distant green-banded product in the Mountain Top warehouse on the date of his visit.

64. The green-banded product was stored at heights ranging from Girardi's eye-level to twenty feet up on racks plainly in front of him.

65. Comparison of Girardi's photographs with the photographs taken during the plaintiffs' inspection on January 27, 2021, revealed a smoking gun.

66. Despite Signify/Philips' efforts to prevent the plaintiffs' access to the Mountain Top facility, and their destruction of evidence in advance of the inspection, comparison was possible between the plaintiffs' and Girardi's photographs.

67. In addition to the solitary green band hanging out of the warehouse trash can

·8·

during the plaintiffs' inspection, the same rack that was wiped clean when the plaintiffs inspected the Mountain Top facility in January 2021 was the exact location where the green-banded product was stored during Girardi's inspection only two months later, when the plaintiffs' representatives were not allowed to attend.

68. Deposition dates were requested for Cynthia Byrd, the Mountain Top Operations Manager (#2); and Damien Fritz, the Mountain Top Warehouse Manager (#1).

69. Both were noticed for October 7, 2021.

70. Cynthia Byrd, the Mountain Top Operations Manager (#2), was deposed in the morning of October 7, 2021, and testified that the green-banded product in the OSHA photograph that paralyzed the plaintiff could not have come from the Mountain Top facility because they did not have green banding of any kind, on any product, at any time, before or after this incident.

71. Fritz's deposition went forward at 10:44 a.m. on October 7, 2021, and Damien Fritz, the Mountain Top Warehouse Manager (#1), testified that he had been with Signify/Philips for the last sixteen (16) years, and that there is no one in the world who knows the Mountain Top facility better than he does.

72. Fritz testified no less than eight (8) times that there had never been any product of any kind, before or after the incident, that contained green banding in his warehouse.

73. With the knowledge of the green band in the trash can, and the overwhelming evidence in Walter Girardi's photographs, Fritz was offered multiple opportunities to change his testimony and was asked to confirm that he understood he was under

·9·

oath and that he had sworn to tell the truth.

74. Fritz confirmed his testimony.

75. Fritz was confronted on video and was speechless.

76. He had no explanation for how or why a green band, identical to that on the product that paralyzed the plaintiff, came to be in the trash can in his warehouse on the day the plaintiffs' expert and attorney inspected the facility.

77. He denied that he or George Harbt instructed anyone to remove banding from packages in the warehouse in advance of the plaintiffs' inspection but had no explanation for how the critical evidence came to be in his trash can.

78. Signify/Philips deposed the plaintiff in this case and then used this information to evaluate its own financial risk and exposure.

79. Signify/Philips then elected to perpetrate a scheme to destroy and hide evidence and commit perjury that was part of a systematic and coordinated commercial conspiracy extending to the highest levels of Signify/Philips corporate structure to George Harbt, Signify/Philips Director of Logistics for North America, at its United States headquarters.

**COUNT ONE: Intentional Spoliation of Evidence – Juan Cruz v. Signify North America Corporation**

1. – 79. Paragraphs 1 through 79 of the General Allegations are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

80. The defendants elected to perpetrate a scheme to destroy and hide evidence and commit perjury that was part of a systematic and coordinated commercial conspiracy extending to the highest levels of Signify/Philips' corporate structure to George Harbt, Signify/Philips's Director of Logistics for North America, at its

·10·

United States headquarters.

81. Signify/Philips, along with its employees, servants, and/or agents, intentionally destroyed evidence in bad faith at a time when they were on notice of a duty to preserve it.

82. This destruction was intentional.

83. The plaintiffs through their counsel used due diligence to have the evidence preserved or produced.

84. Signify/Philips's conspiracy, perjury, and destruction of critical evidence renders the plaintiffs' unable to establish elements of their cause of action in the 2018 Case.

85. The plaintiffs were damaged by this destruction.

**COUNT TWO: Intentional Spoliation of Evidence – Emily Lopez Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THREE: Negligent Spoliation of Evidence – Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants were negligent and/or careless in that they:

    a. Failed to preserve critical evidence when they were on notice and under a duty to do so.

    b. Failed to train their agents, servants, and/or employees.

    c. Failed to supervise their agents, servants, and/or employees.

87. As a direct and proximate result of the defendants' negligence and carelessness, the

-11-

plaintiffs' 2018 Case was damaged and they sustained further injury, including increased emotional distress over and above what they were dealing with already as a result of the plaintiff's paralysis.

**COUNT FOUR: Negligent Spoliation of Evidence – Emily Lopez Cruz v. Signify North America Corporation**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIVE: Negligence – Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants were negligent and/or careless in that they:

   a. Failed to preserve critical evidence when they were on notice and under a duty to do so.

   b. Failed to train their agents, servants, and/or employees.

   c. Failed to supervise their agents, servants, and/or employees.

87. As a direct and proximate result of the defendants' negligence and carelessness, the plaintiffs' 2018 Case was damaged and the plaintiffs sustained further injury, including increased emotional distress over and above what they were dealing with already as a result of the plaintiff's paralysis.

**COUNT SIX: Negligence – Emily Lopez-Cruz v. Signify North America Corporation**

1. – 87. Paragraphs 1 through 87 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVEN: Respondeat Superior Liability – Juan Cruz v. Signify North America Corporation**

·12·

1. - 87. Paragraphs 1 through 87 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

88. The conduct of Signify/Philips' agents, servants and/or employees, including but not limited to George Harbt, Damien Fritz, and/or Cynthia Byrd, occurred within the scope of their employment with Signify/Philips and in furtherance of its business; and

89. The conduct of Signify/Philips' retained expert and agent, Walter Girardi, occurred within the course and scope of his employment with Signify/Philips, and in furtherance of its business; and

90. Signify/Philips ratified and approved of the conduct of its agents, servants, and/or employees.

91. As a result, Signify/Philips is vicariously liable for the actions of its agents, servants, and/or employees and must indemnify them.

**COUNT EIGHT: Respondeat Superior Liability – Emily Lopez-Cruz v. Signify North America Corporation**

1. - 91. Paragraphs 1 through 91 of Count Seven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT NINE: Negligent Infliction of Emotional Distress - Juan Cruz v. Signify North America Corporation**

1. - 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants knew or should have realized that their conduct involved an unreasonable risk of causing emotional distress; and

87. That the foreseeable distress might result in illness or bodily injury; and

**CONNECTICUT TRIAL FIRM,** LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

88. Their conduct caused emotional distress to the plaintiffs; and

89. The distress was of such a nature as might result in illness or bodily harm.

**COUNT TEN: Negligent Infliction of Emotional Distress – Emily Lopez-Cruz v. Signify North America Corporation**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT ELEVEN: Intentional Infliction of Emotional Distress - Juan Cruz v. Signify North America Corporation**

1. - 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants intended to inflict emotional distress and/or knew or should have known that emotional distress was the likely result of their conduct.

87. The defendants' conduct in destroying evidence, committing perjury, and interfering with the investigation in a paralysis case, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

88. The defendants' conduct resulted in emotional distress to the plaintiffs; and

89. The emotional distress sustained by the plaintiffs was severe.

**COUNT TWELVE: Intentional Infliction of Emotional Distress - Juan Cruz v. Signify North America Corporation**

1. - 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTEEN: Fraud - Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made

·14·

corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants made false representations as to statements of fact.

87. The defendants knew they were untrue at the time she/he/they made the statements.

88. The statements and actions were meant to induce the plaintiffs to act upon it.

89. The plaintiffs did act upon it to their detriment and were damaged.

90. The defendants did so with a reckless indifference to the rights of the plaintiffs and intentionally, willfully, and wantonly violated their rights.

91. The defendants' conduct caused the plaintiffs significant mental and emotional distress and this distress was a reasonably foreseeable consequence of Signify/Philips' fraudulent acts targeted to defraud a paralyzed man that they injured.

**COUNT FOURTEEN: Fraud – Emily Lopez-Cruz v. Signify North America Corporation**

1. - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTEEN: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) - Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants engaged in an unfair and deceptive act or practice in violation of public policy and General Statutes § 42-110b (a).

87. The defendants made continuous, material, and misleading representations and omissions, and took actions that were likely to mislead, and did mislead, the

·15·

plaintiffs and other consumers.

88. The defendants' conduct was illegal, immoral, unethical, oppressive, and unscrupulous.

89. The defendant's conduct violated strong public policies in favor of the preservation of evidence, and the avoidance of perjury and interference with an investigation.

90. The defendants' conduct occurred in the course of a trade or business.

91. The defendants' conduct caused substantial injury to the plaintiffs, and/or consumers, competitors, and/or other businesspersons.

92. The plaintiffs sustained an ascertainable loss including, but not limited to, expert witness fees, case costs, and attorneys' fee expenditures.

**COUNT SIXTEEN: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) – Emily Lopez-Cruz v. Signify North America Corporation**

1. – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTEEN: Bad Faith - Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. The defendants undertook a design to mislead and deceive the plaintiffs, their counsel, and this Court.

87. The defendants engaged in specific behavior and conduct from which one can reasonably infer a sinister motive.

88. Its/his/her actions were not prompted by an honest mistake as to one's rights and duties, but were an intentional effort to defraud a paralyzed man that they injured.

·16·

89. The plaintiffs were damaged by the defendant's bad faith conduct.

**COUNT EIGHTEEN: Bad Faith – Emily Lopez-Cruz v. Signify North America Corporation**

1. – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT NINETEEN: Conspiracy - Juan Cruz v. Signify North America Corporation**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

86. There was a combination between the defendants Signify North America Corporation, George Harbt, Damien Fritz, and/or Cynthia Byrd.

87. The combination was to do a criminal and/or unlawful act by a criminal or unlawful means.

88. The defendant co-conspirators engaged in one or more acts pursuant to the scheme and in furtherance of the conspiracy in that they:

    a. Conspired to commit perjury, a Class D felony, in violation of General Statutes § 53a-156; and

    b. Committed perjury, a Class D felony, in violation of General Statutes § 53a-156; and

    c. Illegally destroyed evidence in violation of our Supreme Court's strong public policy against evidence destruction, which is outlined in *Rizzuto v. Davidson Ladders, Inc.*, 280 Conn. 225, 234, 905 A.2d 1165, 1173 (2006), where the Court wrote that there is no "dispute that a defendant in a pending case has a legal duty to preserve relevant evidence" or that "[d]estroying evidence can destroy fairness and justice."

89. The defendants' criminal and/or unlawful actions in furtherance of the conspiracy caused damage to the paralyzed plaintiff and his wife, a co-plaintiff.

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

**COUNT TWENTY: Conspiracy – Emily Lopez-Cruz v. Signify North America Corporation**

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-ONE: Abuse of Process – Juan Cruz v. Signify North America Corporation**

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

90. The defendants' used legal process in the 2018 Case against the plaintiffs in an improper manner.

91. The defendants conspired to use, and did use, their written discovery, depositions, and an authorized site inspection, which are discovery tools in litigation, to commit serial perjury and destroy evidence to defeat the plaintiffs' negligence claims, minimize a damage award, and/or to shift liability onto co-defendants.

92. The defendants engaged in this litigation misconduct primarily to accomplish an improper purpose for which it was not designed.

93. The defendants accomplished this result in completing the actions which they conspired to do.

**COUNT TWENTY-TWO: Abuse of Process – Emily Lopez-Cruz v. Signify North America Corporation**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-THREE: Intentional Spoliation of Evidence – Juan Cruz v. George Harbt**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made

·18·

corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-FOUR: Intentional Spoliation of Evidence – Emily Lopez Cruz v. George Harbt**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-FIVE: Negligent Spoliation of Evidence – Juan Cruz v. George Harbt**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-SIX: Negligent Spoliation of Evidence – Emily Lopez Cruz v. George Harbt**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-SEVEN: Negligence – Juan Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-EIGHT: Negligence – Emily Lopez-Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT TWENTY-NINE: Negligent Infliction of Emotional Distress - Juan Cruz v. George Harbt**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY: Negligent Infliction of Emotional Distress – Emily Lopez-Cruz v. George Harbt**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made

·19·

corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-ONE: Intentional Infliction of Emotional Distress - Juan Cruz v. George Harbt**

1. - 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-TWO: Intentional Infliction of Emotional Distress - Juan Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-THREE: Fraud - Juan Cruz v. George Harbt**

1. - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-FOUR: Fraud – Emily Lopez-Cruz v. George Harbt**

1. - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-FIVE: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) - Juan Cruz v. George Harbt**

1. – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-SIX: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) – Emily Lopez-Cruz v. George Harbt**

1. – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made

   corresponding paragraphs of this Count as if fully set forth herein.

**COUNT THIRTY-SEVEN: Bad Faith - Juan Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and

·20·

made corresponding paragraphs of this Count as if fully set forth herein

**COUNT THIRTY-EIGHT: Bad Faith – Emily Lopez-Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT THIRTY-NINE: Conspiracy - Juan Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY: Conspiracy – Emily Lopez-Cruz v. George Harbt**

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-ONE: Abuse of Process – Juan Cruz v. George Harbt**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-TWO: Abuse of Process – Emily Lopez-Cruz v. George Harbt**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-THREE: Intentional Spoliation of Evidence – Juan Cruz v. Damien Fritz**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-FOUR: Intentional Spoliation of Evidence – Emily Lopez Cruz v. Damien Fritz**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**CONNECTICUT TRIAL FIRM, LLC**
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

**COUNT FORTY-FIVE: Negligent Spoliation of Evidence – Juan Cruz v. Damien Fritz**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-SIX: Negligent Spoliation of Evidence – Emily Lopez Cruz v. Damien Fritz**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-SEVEN: Negligence – Juan Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-EIGHT: Negligence – Emily Lopez-Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FORTY-NINE: Negligent Infliction of Emotional Distress - Juan Cruz v. Damien Fritz**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY: Negligent Infliction of Emotional Distress – Emily Lopez-Cruz v. Damien Fritz**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-ONE: Intentional Infliction of Emotional Distress - Juan Cruz v. Damien Fritz**

1. - 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

CONNECTICUT TRIAL FIRM, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

**COUNT FIFTY-TWO: Intentional Infliction of Emotional Distress - Juan Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-THREE:  Fraud - Juan Cruz v. Damien Fritz**

1. - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-FOUR: Fraud – Emily Lopez-Cruz v. Damien Fritz**

1. - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-FIVE: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) - Juan Cruz v. Damien Fritz**

1. – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-SIX: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) – Emily Lopez-Cruz v. Damien Fritz**

1. – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT FIFTY-SEVEN: Bad Faith - Juan Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT FIFTY-EIGHT: Bad Faith – Emily Lopez-Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT FIFTY-NINE: Conspiracy - Juan Cruz v. Damien Fritz**

·23·

**CONNECTICUT TRIAL FIRM, LLC**
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.83.
Juris No. 436558

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY: Conspiracy – Emily Lopez-Cruz v. Damien Fritz**

1. – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-ONE: Abuse of Process – Juan Cruz v. Damien Fritz**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-TWO: Abuse of Process – Emily Lopez-Cruz v. Damien Fritz**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-THREE: Intentional Spoliation of Evidence – Juan Cruz v. Cynthia Byrd**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-FOUR: Intentional Spoliation of Evidence – Emily Lopez Cruz v. Cynthia Byrd**

1. – 85. Paragraphs 1 through 85 of Count One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-FIVE: Negligent Spoliation of Evidence – Juan Cruz v. Cynthia Byrd**

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-SIX: Negligent Spoliation of Evidence – Emily Lopez Cruz v. Cynthia Byrd**

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

1. – 87. Paragraphs 1 through 87 of Count Three are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-SEVEN: Negligence – Juan Cruz v. Cynthia Byrd**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-EIGHT: Negligence – Emily Lopez-Cruz v. Cynthia Byrd**

1. – 89. Paragraphs 1 through 89 of Count Five are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SIXTY-NINE: Negligent Infliction of Emotional Distress - Juan Cruz v. Cynthia Byrd**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY: Negligent Infliction of Emotional Distress – Emily Lopez-Cruz v. Cynthia Byrd**

1. - 89. Paragraphs 1 through 89 of Count Nine are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-ONE: Intentional Infliction of Emotional Distress - Juan Cruz v. Cynthia Byrd**

1. - 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-TWO: Intentional Infliction of Emotional Distress – Emily Lopez-Cruz v. Cynthia Byrd**

1. – 89. Paragraphs 1 through 89 of Count Eleven are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-THREE:  Fraud - Juan Cruz v. Cynthia Byrd**

·25·

1.  - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-FOUR: Fraud – Emily Lopez-Cruz v. Cynthia Byrd**

1.  - 91. Paragraphs 1 through 91 of Count Thirteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-FIVE: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) - Juan Cruz v. Cynthia Byrd**

1.  – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-SIX: Connecticut Unfair Trade Practices Act (CUTPA – General Statutes § 42-110a, *et seq.*) – Emily Lopez-Cruz v. Cynthia Byrd**

1.  – 92. Paragraphs 1 through 92 of Count Fifteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT SEVENTY-SEVEN: Bad Faith - Juan Cruz v. Cynthia Byrd**

1.  – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT SEVENTY-EIGHT: Bad Faith – Emily Lopez-Cruz v. Cynthia Byrd**

1.  – 89. Paragraphs 1 through 89 of Count Seventeen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein

**COUNT SEVENTY-NINE: Conspiracy - Juan Cruz v. Cynthia Byrd**

1.  – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT EIGHTY: Conspiracy – Emily Lopez-Cruz v. Cynthia Byrd**

1.  – 89. Paragraphs 1 through 89 of Count Nineteen are hereby incorporated and made

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

corresponding paragraphs of this Count as if fully set forth herein.

**COUNT EIGHTY -ONE: Abuse of Process – Juan Cruz v. Cynthia Byrd**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**COUNT EIGHTY-TWO: Abuse of Process – Emily Lopez-Cruz v. Cynthia Byrd**

1. – 93. Paragraphs 1 through 93 of Count Twenty-One are hereby incorporated and made corresponding paragraphs of this Count as if fully set forth herein.

**CONNECTICUT TRIAL FIRM,** LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

WHEREFORE, the plaintiffs claim:

1. Money damages;

2. Statutory and common law punitive damages, attorneys' fees, taxable and non-taxable costs, and interests as to counts 1-2, 7-8, 11-12, 13-24, 31-44, 51-64, and 71-82.

3. Such other legal and equitable relief as the Court deems proper.

THE PLAINTIFFS,
JUAN CRUZ,
EMILY LOPEZ-CRUZ,

Andrew P. Garza, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Avenue
Suite 107
Glastonbury, CT 06033
Tel:   (860) 471-8333
Fax:   (860) 471-8332
Juris No. 436558

A TRUE COPY ATTEST

KEITH P. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

·28·

RETURN DATE: SEPTEMBER 13, 2022     :     SUPERIOR COURT

CRUZ, JUAN ET AL.     :     J.D. OF HARTFORD

V.     :     AT HARTFORD

SIGNIFY N.A. CORP. ET AL.     :     JULY 22, 2022

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

THE PLAINTIFFS,
JUAN CRUZ,
EMILY LOPEZ-CRUZ,

Andrew P. Garza, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Avenue
Suite 107
Glastonbury, CT 06033
Tel:   (860) 471-8333
Fax:   (860) 471-8332
Juris No. 436558

A TRUE COPY ATTEST
KEITH B. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

·29·

CONNECTICUT TRIAL FIRM, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033  ·  860.471.8333  ·  Facsimile: 860.471.8332
Juris No. 436558

**CERTIFICATION OF COMPLIANCE**
**WITH GENERAL STATUTES § 42-110g (c)**

General Statutes § 42-110g (c) provides, in relevant part: "(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General and the Commissioner of Consumer Protection . . . ."

Pursuant to General Statutes § 42-110g (c), I certify that a copy of these documents were mailed to the following:

Attorney General William Tong
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106

Michelle H. Seagull, Commissioner of the Department of Consumer Protection
Department of Consumer Protection
450 Columbus Boulevard, Suite 901
Hartford, CT 06103-1840

Andrew P. Garza, Esq.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

·30·

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033  ·  860.471.8333  ·  Facsimile: 860.471.8332
Juris No. 436558